UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JASON D. PITCHER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>C&H DISTRIBUTING CO.,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [ECF NO. 6] DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND GRANTING [ECF NO. 12] PLAINTIFF'S MOTION UNDER FEDERAL RULES OF CIVIL PROCEDURE 4(m) AND/OR RULE 6(b)(1)(b) FOR A BRIEF EXTENSION OF TIME TO OBTAIN SERVICE OF PROCESS ON DEFENDANT**<br><br>Case No. 2:25-cv-00705-DBB-CMR<br><br>District Judge David Barlow |

　　　　Before the Court is Defendant's Motion to Dismiss for Insufficient Service of Process,[1] Plaintiff's Motion for Extension of Time to Obtain Service of Process on Defendant,[2] and Defendant's Opposition Brief.[3] Plaintiff did not file a opposition to Defendant's Motion, instead filing his motion for extension of time to obtain service five days after a response was due.

　　　　Plaintiff's sole argument for dismissal is that service was one day late, on November 20, 2025, instead of on November 19, 2025.

---

[1] Def.'s Mot. to Dismiss for Insufficient Service of Process, ECF No. 6, filed December 10, 2025
[2] Pl.'s Mot. Under Fed. R. Civ. P. 4(m) And/Or Rule 6(b)(1)(b) For A Brief Extension Of Time To Obtain Service Of Process On Def., ECF No. 12, filed January 12, 2026.
[3] Def.'s Opp'n to Pl.'s Mot. for Extension of Time to Serve Process ("Opp."), ECF No. 13, filed January 23, 2026.

Under Rule 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[4] As the note to the 1993 amendment explains, this section "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."[5]

The Tenth Circuit has explained the process as follows:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.[6]

Here, there does not appear to be good cause for the delay, as Plaintiff admits he simply miscounted the 90-day deadline. However, given the extremely short one-day delay in service, the court chooses to exercise its discretion and extend the time for service by one day.[7]

That said, the court warns Plaintiff that continuing to miss deadlines may result in sanctions, potentially including dismissal of the case.

---

[4] Fed. R. Civ. P. 4(m)
[5] Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment.
[6] *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) (quoting *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir. 1995)) (cleaned up).
[7] Defendant asserts that discretionary relief is "rare and unwarranted here." Opp. 7. However, in the case Defendant cites to, the district court granted the plaintiff *two* 15-day discretionary extensions before dismissing the case. *See Edwards v. Potter*, 57 F. App'x 844 (10th Cir. 2003). A one-day extension is not unwarranted under the court's discretion.

## ORDER

Defendant's Motion to Dismiss for Insufficient Service of Process[8] is DENIED.

Plaintiff's Motion for Extension of Time to Obtain Service of Process on Defendant[9] is GRANTED.

Signed January 29, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[8] ECF No. 6.
[9] ECF No. 12.