UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JASON D. PITCHER,<br><br>Plaintiff,<br><br>v.<br><br>C&H DISTRIBUTING CO.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING [29] REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00705-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is United States Magistrate Judge Cecilia M. Romero's Report and Recommendation.[1] It recommends denying Defendant's Motion to Dismiss[2] and warning Plaintiff's counsel, Mr. Holdsworth, that further failure to meet deadlines or to follow court orders will likely result in dismissal of the case.

## BACKGROUND

Plaintiff filed his complaint on August 21, 2025.[3] A day later, the magistrate judge issued an order to propose schedule, directing Plaintiff to propose a schedule to Defendant within 14 days after an answer to the complaint is filed.[4] Following a motion to dismiss for Plaintiff's late service of the complaint,[5] which the court denied,[6] Defendant filed its answer.[7] Almost two

[1] R. & R. ("R&R"), ECF No. 29, filed July 27, 2026.
[2] Mot. to Dismiss ("MTD"), ECF No. 17, filed Apr. 21, 2026.
[3] Compl., ECF No. 2, filed Aug. 21, 2025.
[4] Order to Propose Schedule 1, ECF No. 3, filed Aug. 22, 2025.
[5] Mot. to Dismiss, ECF No. 6, filed Dec. 10, 2025.
[6] Order Den. Mot. to Dismiss, ECF No. 14, filed Jan. 29, 2026.
[7] Answer, ECF No. 15, filed Feb. 12, 2026.

months later, the magistrate judge issued a docket text order directing the parties to comply with the court's order to propose schedule within fourteen days.[8] When Plaintiff failed to coordinate with Defendant to comply with the order within the fourteen-day period, Defendant filed a motion to dismiss for failure to prosecute.[9] Plaintiff filed a response after the deadline to respond had passed.[10] That same day, Plaintiff also filed an attorney planning meeting report (APMR)[11] and a motion for scheduling order.[12] Notably, the APMR contained Defendant's counsel's signature.[13] But, as Defendant's response and Plaintiff's later errata identified, Defendant's counsel never conferred with Plaintiff's counsel, Mr. Holdsworth, nor authorized their signature on the APMR.[14]

The magistrate judge held a hearing on the motion to dismiss and motion for scheduling.[15] Following the hearing, the magistrate judge denied Plaintiff's motion for scheduling order, directed the clerk's office to strike the APMR, and awarded attorney's fees to Defendant.[16] In addition, the magistrate judge recommended denying Defendant's motion to dismiss for failure to prosecute and warning Mr. Holdsworth that further missed deadlines or violation of court orders will likely result in dismissal, finding that the attorney's fees awarded by the court will likely deter future disobedience from Mr. Holdsworth.[17]

---

[8] Dkt. Text Order to Comply, ECF No. 16, filed Apr. 6, 2026.
[9] *See generally* MTD.
[10] Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 19, filed May 14, 2026.
[11] Report of Attorney Planning Meeting ("APMR"), ECF No. 20, filed May 14, 2026.
[12] Mot. for Scheduling Order, ECF No. 21, filed May 14, 2026.
[13] APMR 7.
[14] Def.'s Resp. to Mot. for Scheduling Order 3, ECF No. 22, filed June 1, 2026; Errata to Pl.'s Resp. to Mot. to Dismiss 1, ECF No. 23, filed June 1, 2026.
[15] Minute Order, ECF No. 27, filed July 1, 2026.
[16] R&R 10.
[17] *Id.* 6–10 (applying the *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) factors to assess the appropriateness of dismissal under Rule 41(b) of the Federal Rules of Civil Procedure).

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a party offers a timely and proper objection.[18] This court "reviews unobjected-to portions of a report and recommendation for clear error."[19] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[20]

## DISCUSSION

No objections were filed, and therefore, the Report and Recommendation is reviewed for clear error. Having completed its review, the court finds that the magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the Report and Recommendation.

## ORDER

For the reasons stated above, the court:

1. ADOPTS the Report and Recommendation.[21]
2. DENIES Defendant's Motion to Dismiss;[22] and
3. Warns Mr. Holdsworth that further missed deadlines or violation of court orders will likely result in dismissal of the case.

---

[18] Fed. R. Civ. P. 72(b)(3).
[19] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[20] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[21] ECF No. 29.
[22] ECF No. 17.

Signed September 14, 2026.

BY THE COURT

David Barlow
United States District Judge